UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3788-DMG (AJWx)** | Date | April 10, 2018 |
| Title | *Colleen Craig v. Capital One, N.A.* | Page | 1 of 16 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [21]**

**I.
PROCEDURAL BACKGROUND**

On May 19, 2017, Plaintiff Colleen Craig filed a complaint ("Complaint") against Defendant Capital One, N.A. asserting claims relating to the allegedly wrongful foreclosure of her home. [Doc. # 1.] On August 3, 2017, Capital One filed a motion to dismiss [Doc. # 16], which was unopposed. On August 14, 2017, the Court granted the motion with leave to amend. [Doc. # 17.] On August 24, 2017, Plaintiff filed her First Amended Complaint ("FAC"). [Doc. # 18.]

On September 15, 2017, Capital One filed the instant motion to dismiss ("MTD") [Doc. # 21] and a request for judicial notice ("RJN") [Doc. # 21-1]. On September 29, 2017, Plaintiff filed an opposition to the MTD ("Opp.") [Doc. # 24]; on October 13, 2017, Capital One replied in support of its motion ("Reply") [Doc. # 28].

The Court has deemed that this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. Having duly considered the parties' written submissions, the Court now renders its decision.

**II.
JUDICIAL NOTICE**

Federal Rule of Evidence 201 permits a court to take judicial notice of facts not subject to reasonable dispute and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 824 n.3 (9th Cir. 2011) (citing Fed. R. Evid. 201(b)). Capital One requests that the

Case 2:17-cv-03788-DMG-AJW   Document 30   Filed 04/10/18   Page 2 of 16   Page ID #:251

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 17-3788-DMG (AJWx)**                                Date   April 10, 2018

Title   *Colleen Craig v. Capital One, N.A.*                                    Page   2 of 16

Court take judicial notice of the Notice of Trustee's Sale recorded on October 27, 2015 for the property central to this mortgage dispute. RJN at 2.

"[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. S. Bay Beer Distrib.*, 709 F.2d 1279, 1282 (9th Cir. 1986)). Courts in this circuit have frequently taken judicial notice of mortgage-related documents on record with public offices, including deeds of trust, notices of default, notices of trustee's sale, and assignments of deed of trust. *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting cases). Because the Notice of Trustee's Sale is a publicly recorded document, the Court **GRANTS** the RJN.

### III.
### FACTUAL ALLEGATIONS[1]

In June 2005, Plaintiff purchased the real property located at 23965 Arroyo Park Drive, Unit 95, Santa Clarita, California 91355. *See* FAC at ¶¶ 6, 22. Plaintiff obtained a mortgage, which was serviced by ING through 2012. *See id.* at ¶¶ 25, 27. Plaintiff missed property tax payments, so ING paid the delinquent taxes in November 2012 and created an impound account in the amount of $12,207.36. *Id.* at ¶ 25. Capital One took over as servicer in December 2012. *Id.* at ¶ 27. Plaintiff's periodic mortgage payments increased three times between 2013 and 2014. *Id.* at ¶ 29–32. She attributes this increase to a deepening impound account exacerbated by a force-placed insurance policy, which the servicer imposed in 2012 despite having proof that Plaintiff's insurance was uninterrupted. *See id.* at ¶¶ 32–33. Though Capital One agreed to adjust the impound account and refund the force-placed insurance charges and fees after confirming it had proof of insurance, it did not make the adjustment in the time specified and did not refund the charges and fees. *See id.* at ¶ 34.

In January 2015, Plaintiff failed to make her mortgage payment. *Id.* at ¶ 35. Through 2015, Plaintiff filed five loan modification applications, each of which she alleges were complete. *See id.* at ¶¶ 36, 42, 46, 49, 52, 70.

Plaintiff submitted her first application on April 10, 2015 per Capital One's request. *Id.* at ¶ 36. She received an acknowledgment of the application on May 20, in which Capital One indicated there was a shortage on the impound account that needed to be addressed before

---

[1] The Court takes as true all well-pleaded factual allegations in the FAC for the purpose of deciding the MTD. The Court also considers judicially noticed documents. *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1020–21 (C.D. Cal. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3788-DMG (AJWx)** | Date | April 10, 2018 |
| Title | *Colleen Craig v. Capital One, N.A.* | Page | 3 of 16 |

Capital One could review her account for modification. *Id.* at ¶ 39. The acknowledgment told Plaintiff she would need to reapply. *Id.* On May 21, Plaintiff received a letter from Capital One stating Plaintiff had withdrawn her application, though she did not do so. *Id.* at ¶ 40. On June 12, Capital One "caused a notice of default to be filed." *Id.* at ¶ 41.

Plaintiff submitted a second application on June 18; the application was declined for want of information on August 27, though the missing documents were unspecified. *Id.* at ¶¶ 42, 45. Plaintiff filed a third application on September 23; the next day, she received a letter informing her that documents were missing, though it again did not specify which documents. *Id.* at ¶¶ 46, 48. Following instructions from a Capital One agent, Plaintiff filed a fourth application on October 1; though she received confirmation of receipt on October 5, "her application was closed for incompleteness" on October 13. *Id.* at ¶ 51; *see also id.* at ¶¶ 49–50. On October 27, Capital One recorded a notice of trustee's sale, which set the date of sale for November 30, 2015. RJN Exhibit A [Doc. # 21-1, at 5–7].

Plaintiff submitted her final application on November 10. *Id.* at ¶ 52. After Plaintiff provided additional information, *see id.* at ¶¶ 55–56, on November 23, "Capital One confirmed that Plaintiff's loan modification application was complete and that her file had moved on to the underwriting department for approval." *Id.* at ¶ 57; *see also id.* at ¶ 58. Capital One "advised Plaintiff that the sale scheduled for November 30, 2015, would be postponed." *Id.* at ¶ 58. Nevertheless, the foreclosure sale was conducted as scheduled on November 30. *Id.* at ¶ 59.

As a result of Capital One's conduct, "Plaintiff suffered years of emotional distress that caused anxiety, chronic fatigue, loss of concentration, embarrassment with family, frustration, feelings of hopelessness, loss of self-confidence, and nervousness," in addition to "strife with significant others, shame, and irritability." *Id.* at ¶ 62. In addition, Plaintiff suffered "out-of-pocket monetary losses" resulting from the mishandling of her loan modification applications and the force-placed insurance policy, *id.* at ¶¶ 92, 104, "costs and expenses incurred to prevent or fight foreclosure," *id.* at ¶¶ 112, 117, and the lost opportunity to pursue other options for addressing her default, *see id.*

Plaintiff brings six claims against Capital One: (1) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d)(1); (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f), and Regulation X, 12 C.F.R. § 1024.41; (3) violation of RESPA, 12 U.S.C. § 2605(k)–(m), and Regulation X, 12 C.F.R. § 1024.37; (4) negligence; (5) wrongful foreclosure; and (6) unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq. See id.* at ¶¶ 63–126.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3788-DMG (AJWx)** | Date | April 10, 2018 |
| Title | *Colleen Craig v. Capital One, N.A.* | Page | 4 of 16 |

## IV.
## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The pleading must articulate "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint, courts generally must accept all factual allegations as true. Legal conclusions, in contrast, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Should a court dismiss certain claims, it must decide whether to grant leave to amend. "Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted) (quoting Fed. R. Civ. P. 15(a)(2)); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

## V.
## DISCUSSION

### A.    Claim for Violation of ECOA

Defendants contend that Plaintiff's first claim for violation of ECOA fails because Plaintiff was in default on her mortgage, and the notification requirement does not apply to loan modification applications of a borrower in default. MTD at 5–8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3788-DMG (AJWx)** | Date | April 10, 2018 |
| Title | *Colleen Craig v. Capital One, N.A.* | Page | 5 of 16 |

A plaintiff may maintain a private right of action to recover actual damages caused by violations of ECOA notification requirements. *See* 15 U.S.C. § 1691e(a) ("Any creditor who fails to comply with any requirement imposed under this title shall be liable to the aggrieved applicant for any actual damages . . . ."). ECOA mandates that "[w]ithin thirty days . . . after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." 15 U.S.C. § 1691(d)(1). The regulation implementing the ECOA notice requirement requires notification "30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application." 12 C.F.R. § 202.9(a)(1)(i). In turn, "adverse action" is defined to exclude "a refusal to extend additional credit under an existing credit arrangement where the application is delinquent or otherwise in default," 15 U.S.C. § 1691(d)(6), and "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account," 12 C.F.R. § 202.2(c)(2)(ii). The term "adverse action," though used in the implementing regulation with respect to complete applications, *see* 12 C.F.R. § 202.9(a)(1)(i), appears in the statute only in the context of entitlement to a "statement of reasons" when a creditor takes adverse action on an application. *See* 15 U.S.C. § 1691(d)(2). Read in isolation, the statute appears to require a creditor to provide notification to an applicant "of its action" as to all complete applications, but provides no definition of action, other than "adverse action." The implementing regulation clarifies that notification is required only when a complete application is approved, countered, or subject to adverse action, wherein adverse action does not include a creditor's refusal of an application from a borrower in default. *Compare id.* § 1691(d)(1), *with id.* § 1691(d)(6), *and* 12 C.F.R. § 202.9(a)(1)(i).

District courts in this circuit are split on whether a complete application to modify an existing loan in default falls within the scope of the ECOA notice requirements. On the one hand, courts considering the statute in isolation have decided that notice under § 1691(d)(1) is required because the restriction for borrowers in default applying for loan modifications under § 1691(d)(6) modifies entitlement to statements of reasons under § 1691(d)(2) but not the notice required under § 1691(d)(1). *Vasquez v. Bank of Am., N.A.*, No. 13-cv-02902-JST, 2014 U.S. Dist. LEXIS 55971, 2014 WL 1614764, at *2–3 (N.D. Cal. Apr. 22, 2014); *see also McMahon v. JPMorgan Chase Bank, N.A.*, No. 2:16-cv-1459-JAM-KJN, 2017 U.S. Dist. LEXIS 83485, 2017 WL 2363690, at *3 (E.D. Cal. May 30, 2017) (following *Vasquez* without discussing 12 C.F.R. § 202.9 and determining that § 1691(d)(6) only impacts entitlement to a statement of reasons); *Banks v. JPMorgan Chase Bank, N.A.*, No. LA CV14-06429 JAK (FFMx), 2014 U.S. Dist. LEXIS 164565, 2014 WL 6476139, at *13 (C.D. Cal. Nov. 19, 2014) (following *Vasquez* without discussing 12 C.F.R. § 202.9 and determining that § 1691(d)(1) notice "applies generally to 'completed application[s] for credit.'" (alteration in original) (quoting *Vasquez*, 2014 WL 1614764, at *3)).

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

Case 2:17-cv-03788-DMG-AJW  Document 30  Filed 04/10/18  Page 6 of 16  Page ID #:255

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  **CV 17-3788-DMG (AJWx)**                                Date  April 10, 2018

Title  *Colleen Craig v. Capital One, N.A.*                                          Page  6 of 16

On the other hand, courts interpreting the implementing regulations find that "to the extent the statute was ambiguous about whether a notification is required where the applicant is already in default, the implementing regulations state clearly that no notice is required" when a borrower is in default. *Coury v. Caliber Home Loans, Inc.*, No. 16-cv-05583-RS, 2016 U.S. Dist. LEXIS 164512, 2016 WL 6962882, at *5 (N.D. Cal. Nov. 29, 2016); *see also Sergeant v. Bank of Am., N.A.*, No. C17-5232 BHS, 2017 U.S. Dist. LEXIS 144386, 2017 WL 3895699, at *3 (W.D. Wash. Sept. 6, 2017) (declining to follow the reasoning of *Vasquez* because it did not consider the implementing regulations), *motion for reconsideration denied*, 2017 U.S. Dist. LEXIS 148439, 2017 WL 4049256 (W.D. Wash. Sept. 13, 2017); *Macdonald v. Wells Fargo Bank N.A.*, No. 14-cv-04970-HSG, 2017 U.S. Dist. LEXIS 46010, 2017 WL 1150362, at *1–2 (N.D. Cal. Mar. 28, 2017) (revisiting the court's position taken previously in 2015 U.S. Dist. LEXIS 54142, 2015 WL 1886000 (N.D. Cal. Apr. 24, 2015), and concluding that "[t]he regulations conclusively resolve the statutory ambiguity" of § 1691(d)(1)); *Smith v. Wells Fargo Bank, N.A.*, No. 15-cv-01779-YGR, 2016 U.S. Dist. LEXIS 8368, 2016 WL 283521, at *8 (N.D. Cal. Jan. 25, 2016) ("[T]he fact that [the plaintiff] was in default when he applied for a loan modification means that no ECOA notice was required regarding action on his application.").

The Court finds the *Coury* line of cases more persuasive. The Court reads the meaning of "adverse action" as defined in 15 U.S.C. § 1691(d)(6) and 12 C.F.R. § 202.2(c)(2)(ii) to apply to the implementing regulation's exemption of "adverse actions" taken on applications of borrowers in default. The *Vasquez* line of cases did not consider the implementing regulations. Therefore, this Court respectfully declines to follow *Vasquez* in light of the clarifying regulation.

Here, Plaintiff admits that she stopped making mortgage payments beginning in January 2015, *see* FAC at ¶ 1 ("Plaintiff always paid her mortgage payment until January 2015."), several months before she began submitting loan modification applications, *see id.* at ¶ 36 (noting the first application in April 2015). Assuming without deciding that Plaintiff's loan modifications were complete as alleged, FAC at ¶ 70, all of Plaintiff's loan modification applications were submitted after she defaulted on the mortgage. Thus, Capital One was not obligated to abide by the notification requirements set out in 15 U.S.C. § 1691(d)(1) and 12 C.F.R. § 202.9(a)(1)(i) unless it approved or countered the terms of her applications. Plaintiff does not allege that Capital One made any approvals or counteroffers.

Thus, the FAC does not state a claim for ECOA notification violations as pleaded. The MTD is **GRANTED with leave to amend** to the extent that Plaintiff can allege a violation of ECOA not premised on Capital One's failure to notify under § 1691(d)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3788-DMG (AJWx)** | Date | April 10, 2018 |
| Title | *Colleen Craig v. Capital One, N.A.* | Page | 7 of 16 |

### B. Claims for Violations of RESPA

Defendants assert that Plaintiff's second and third claims for violations of RESPA fail because she has not properly pleaded actual damages. MTD at 8–12. Plaintiff's RESPA claims allege violations of two RESPA provisions. She asserts that Capital One violated Regulation X, which implements RESPA and provides that a servicer that "receives a loss mitigation application 45 days or more before a foreclosure sale . . . shall . . . notify the borrower in writing within 5 days . . . that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete." 12 C.F.R. § 1024.41(b)(2)(i). Plaintiff also claims that Capital One "obtain[ed] force-placed insurance without a reasonable basis to believe the borrower has failed to comply with the loan contract's requirements to maintain property insurance," 12 U.S.C. § 2605(k); *see also* 12 C.F.R. § 1024.37(b), and failed to abide by the administrative procedures prescribed by Regulation X regarding force-placed insurance, 12 U.S.C. § 2605(l)–(m); 12 C.F.R. § 1024.37(e), (g)–(h).

But mere violation of RESPA is not enough to state a claim. A claimant must allege actual pecuniary damages as a result of any RESPA violation. *See* 12 U.S.C. § 2605(f)(1)(A) (allowing recovery of "any actual damages to the borrower"); *Banares v. Wells Fargo Bank, NA*, 681 Fed. Appx. 638, 641 (9th Cir. 2017) (affirming dismissal for failure to plead damages arising from RESPA violation); *Eronini v. JP Morgan Chase Bank NA*, 368 Fed. Appx. 841, 842 (9th Cir. 2010) ("The district court properly dismissed the action because [plaintiff] suffered no damages as a result of the alleged RESPA violation."); *cf. Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 663 (9th Cir. 2012) ("[]RESPA[] provides an action for damages . . . ."). Courts interpreting RESPA to require a pleading of actual damages "have interpreted this requirement liberally." *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, No. CIV S-09-1504 LKK/KJM, 2009 U.S. Dist. LEXIS 79094, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009).

Here, Capital One's selective reading of the FAC does not persuade the Court that Plaintiff failed to allege damages resulting from the purported RESPA violations. As Capital One acknowledges in its MTD, Plaintiff alleged that Capital One's RESPA violations caused "out-of-pocket monetary losses, embarrassment, and mental anguish in the form of anxiety, stress, concern, and worry about the status of her applications and whether she would lose her home to foreclosure." FAC at ¶¶ 92, 104. Taken as true, these assertions are adequate assertions of damages resulting from the RESPA violations. *See Lucero v. Cenlar FSB*, No. C13-0602RSL, 2016 U.S. Dist. LEXIS 10430, 2016 WL 337221, at *4 (W.D. Wash. Jan. 28, 2016) ("'Actual damages' recoverable under RESPA include compensation for both economic losses and emotional distress."); *Phillips v. Bank of Am. Corp.*, No. 5:10-CV-04561 EJD, 2011

Case 2:17-cv-03788-DMG-AJW Document 30 Filed 04/10/18 Page 8 of 16 Page ID #:257

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 17-3788-DMG (AJWx)**                                    Date   April 10, 2018

Title   *Colleen Craig v. Capital One, N.A.*                                              Page   8 of 16

U.S. Dist. LEXIS 117296, 2011 WL 4844274, at *5 (N.D. Cal. Oct. 11, 2011) ("[C]ourts in the Ninth Circuit have interpreted the pecuniary loss requirement liberally; several have considered an averment of emotional harm sufficient to recover actual damages under RESPA."). Perhaps the "out-of-pocket expenses" Plaintiff alleges are too conclusory to stand on their own, but Plaintiff adequately pleaded that the failure to receive RESPA-mandated notices caused her emotional distress about the struggle she faced with her mortgage. FAC at ¶¶ 92, 104; *cf. id.* at ¶ 62 ("This years-long episode in frustration created a dark cloud over Plaintiff as she never knew whether her housing circumstances might suddenly change."). Plaintiff's allegation that Capital One "failed to refund all force-placed insurance premium charges and related fees," *id.* at ¶ 35, may also suffice with respect to her force-placed insurance claim.

It may be true that "emotional distress at the *foreclosure* of [Plaintiff's] home," FAC at ¶¶ 92, 104 (emphasis added), may not be recoverable because the RESPA violations have no causal connection to the foreclosure. *See Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (dismissing RESPA claim because plaintiff "only offer[ed] the conclusory statement that 'damages consist of the loss of plaintiff's home together with his attorney fees'" (citation omitted)). But this does not bar recovery of the other damages Plaintiff alleges directly result from the RESPA violations: damages suffered due to the *uncertainty* of her loan modification applications' status and the *possibility* of foreclosure. Unlike in *Allen*, Plaintiff's alleged damages resulting from the RESPA violations are independent from the loss of her home. Whether Plaintiff can prove her losses and their connection to the RESPA violations is not a matter to be decided on a Rule 12(b)(6) motion. Over Capital One's objections that the damages are "not identif[ied]," MTD at 11, and "unspecified," Reply at 10, these claims do not need to be dismissed under federal pleading standards. *See Twombly*, 550 U.S. at 555 ("[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . .").

Because Plaintiff pleaded plausible actual damages suffered from Capital One's alleged violations of RESPA, the Court **DENIES** the MTD as to the second and third claims.

**C.    Claim for Negligence**

Under California law, a plaintiff must allege "a legal duty to use due care, a breach of such legal duty, and [that] the breach [is] the proximate or legal cause of the resulting injury." *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1142 (2016) (alterations in original) (quoting *Beacon Residential Cmty. Ass'n v. Skidmore, Owings & Merrill LLP*, 59 Cal. 4th 568, 573 (2014)).

Case 2:17-cv-03788-DMG-AJW   Document 30   Filed 04/10/18   Page 9 of 16   Page ID #:258

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 17-3788-DMG (AJWx)**                                    Date   April 10, 2018

Title   *Colleen Craig v. Capital One, N.A.*                                           Page   9 of 16

Capital One seeks dismissal of Plaintiff's negligence claim, arguing that it owed no duty to Plaintiff and that Plaintiff did not allege actual damages. *See* MTD at 13–19.

   **1.   Duty**

The existence of a duty of care is "a prerequisite to establishing a claim for negligence." *Foreman v. FDIC*, 481 Fed. Appx. 424, 425 (9th Cir. 2012) (quoting *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991)). "[A] lender generally 'owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.'" *Compton v. Countrywide Fin. Corp.*, 761 F.3d 1046, 1055 (9th Cir. 2014) (quoting *Marzan v. Bank of Am.*, 779 F. Supp. 2d 1140, 1152 (D. Haw. 2011)); *accord Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 63 (2013).

"California courts are split as to whether a lender owes a duty of care to a borrower in connection with a residential loan modification." *Kemp v. Wells Fargo Bank, N.A.*, No. 17-cv-01259-MEJ, 2017 U.S. Dist. LEXIS 177032, 2017 WL 4805567, at *5 (N.D. Cal. Oct. 25, 2017) (collecting cases); *accord Yau v. Deutsche Bank Nat'l Trust Co. Ams.*, 525 F. App'x 606, 609 (9th Cir. 2013) ("[T]he California courts of appeal appear to be of two minds on the application of that general rule in cases involving offers of loan modifications handled negligently."). California Courts of Appeal have reached two distinct and divergent conclusions on the issue. *Compare Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 948 (2014) (holding that "because [lending] defendants allegedly agreed to consider modification of the plaintiffs' loans, the *Biakanja* factors clearly weigh in favor of a duty"), *and Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 898 (2013) (finding a duty of care when a lender of a construction loan made "specific representations" to the borrower regarding "the likelihood of a loan modification"), *with Lueras*, 221 Cal. App. 4th at 67 (finding no duty of care because "a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money"). Neither the California Supreme Court nor the Ninth Circuit have published opinions on the issue.

This Court concludes that a duty of care arises from Capital One's review of Plaintiff's loan modification applications.[2] Both the *Jolley* and *Alvarez* courts highlight the importance of

---

[2] The Court notes, however, that not all of the breaches identified in the FAC are related to this duty to exercise reasonable care in reviewing Plaintiff's loan modification applications. *E.g.*, FAC at ¶ 109 ("Defendant breached its duty to Plaintiff by failing to exercise reasonable care when it failed to provide accurate information *about the loan* . . . ." (emphasis added)).

Case 2:17-cv-03788-DMG-AJW   Document 30   Filed 04/10/18   Page 10 of 16   Page ID #:259

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 17-3788-DMG (AJWx)**                                Date   April 10, 2018

Title   *Colleen Craig v. Capital One, N.A.*                                         Page   10 of 16

the Homeowner's Bill of Rights ("HBOR") and the legislative intent behind the enactment of these laws. "[T]he California Legislature has expressed a strong preference for fostering more cooperative relations between lenders and borrowers who are at risk of foreclosure, so that homes will not be lost." *Jolley*, 213 Cal. App. 4th at 903. According to *Jolley*,

> [W]e refer to the existence—and recent strengthening—of these legislative measures because they demonstrate a rising trend to require lenders to deal reasonably with borrowers in default to try to effectuate a workable loan modification. In short, these measures indicate that courts should not rely mechanically on the "general rule" that lenders owe no duty of care to their borrowers.

*Id.*; *see also Alvarez*, 228 Cal. App. 4th at 950–51 (following *Jolley* by taking into consideration the importance of legislative intent behind the HBOR). Like a number of other district courts, this Court finds *Jolley*'s reasoning persuasive. *See, e.g.*, *McCarthy v. Servis One, Inc.*, No. 17-cv-00900-WHO, 2017 U.S. Dist. LEXIS 54649, 2017 WL 1316810, at *5 (N.D. Cal. Apr. 10, 2017); *Norris v. Bayview Loan Servicing, LLC*, No. CV-15-06413 MWF (DTBx), 2015 U.S. Dist. LEXIS 151353, 2015 WL 6745048, at *7 (C.D. Cal. Oct. 26, 2015); *Salazar v. U.S. Bank Nat'l Ass'n*, No. ED CV 14-514-GHK (DTBx), 2015 U.S. Dist. LEXIS 49172, 2015 WL 1542908, at *11 (C.D. Cal. Apr. 6, 2015); *Johnson v. PNC Mortg.*, 80 F. Supp. 3d 980, 985 (N.D. Cal. 2015); *Shapiro v. Sage Point Lender Servs.*, No. EDCV 14-1591-JGB (KKx), 2014 U.S. Dist. LEXIS 154790, 2014 WL 5419721, at *9 (C.D. Cal. Oct. 24, 2014).

### 2. Damages

Having determined that Capital One owed Plaintiff a duty of care, the Court turns to Capital One's argument that Plaintiff has not pleaded actual damages, which is a necessary element of a negligence claim. *See Kesner*, 1 Cal. 5th at 1142. Though Capital One was not required to approve a loan modification request, a mishandling of application documents may be a basis for damages. *See Alvarez*, 228 Cal. App. 4th at 949 (citing *Garcia v. Ocwen Loan Servicing, LLC*, No. C 10-0290 PVT, 2010 U.S. Dist. LEXIS 45385, 2010 WL 1881098, at *3 (N.D. Cal. May 10, 2010)). Capital One again endeavors to persuade the Court that all Plaintiff's alleged losses derive from the foreclosure itself. Not so. Foregone remedies resulting from negligent handling of a loan modification application are cognizable damages. *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1184 (2016) (upholding negligence claim because "foregone remedies and increased arrears, interest, penalties, and fees" fulfilled damages element); *cf. Alvarez*, 228 Cal. App. 4th at 951 (upholding claim because mishandling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3788-DMG (AJWx)** | Date | April 10, 2018 |
| Title | *Colleen Craig v. Capital One, N.A.* | Page | 11 of 16 |

of loan modification applications "deprive [plaintiffs] of the *opportunity* to obtain loan modifications . . . [and] the *opportunity* to seek relief elsewhere" (emphasis added)).

Here, Plaintiff claims she lost the opportunity to pursue "other options for addressing the default and/or unaffordable mortgage payments," FAC at ¶ 112, which is sufficient to establish damages. In any case, Plaintiff's claimed damages include "costs and expenses incurred to prevent or fight foreclosure," *id.*, which plausibly arose from Capital One's mishandling of Plaintiff's repeated applications and could have been mitigated had Capital One used reasonable care in approving, denying, or rejecting her applications as incomplete. Plaintiff may struggle to prove that these injuries trace to Capital One's negligent handling of her loan modification applications instead of her default, but her claimed damages survive a Rule 12(b)(6) challenge.

As Plaintiff has adequately alleged that Capital One owed her a duty and she suffered damages proximately caused by its breach of that duty, the Court **DENIES** the MTD as to Plaintiff's negligence claim.

### D.     Claim for Wrongful Foreclosure

Capital One argues that Plaintiff's wrongful foreclosure claim does not sufficiently claim damages caused by its alleged "dual tracking" of Plaintiff's mortgage in violation of HBOR. *See* MTD at 19–21.[3] Dual tracking refers to the practice of pursuing foreclosure while simultaneously entertaining a complete loan modification application. *See* Cal. Civ. Code § 2923.6. Once "a borrower submits a complete application for a first lien loan modification," the mortgage servicer "shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." *Id.* at § 2923.6(c). Plaintiff alleges she submitted an application for loan modification on November 10, 2015, which Capital One confirmed was complete by November 23, 2015. FAC at ¶¶ 52, 57–58.

---

[3] The Court notes that dual tracking is not specifically alleged in the FAC, but the parties appear to agree that Plaintiff's claim alleges this prohibited practice. *See* FAC at ¶¶ 57–59, 115–16; MTD at 19; Opp. at 21; Reply at 18. Elsewhere in the FAC, Plaintiff suggests she brings her wrongful foreclosure claim pursuant to the dual-tracking statute. *See* FAC at ¶ 121(c) (claiming that Capital One's conduct was unlawful pursuant to § 2923.6(c)–(d) for the purposes of Plaintiff's UCL claim). To the extent that the Reply requests dismissal of this claim for its lack of clarity, *see* Reply at 18, the Court declines to consider the argument, which was first raised in the reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Case 2:17-cv-03788-DMG-AJW   Document 30   Filed 04/10/18   Page 12 of 16   Page ID #:261

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3788-DMG (AJWx)** | Date | April 10, 2018 |
|---|---|---|---|
| Title | *Colleen Craig v. Capital One, N.A.* | Page | 12 of 16 |

Nevertheless, Capital One held a foreclosure sale on November 30, 2015. *Id.* at ¶ 59. The FAC contains facts sufficient to show a violation of the dual-tracking statute.[4]

Capital One correctly observes that Plaintiff may recover for a violation of this statute pursuant to California Civil Code § 2924.12. Reply at 18. That code section provides that a lender violating § 2923.6 "shall be liable to a borrower for actual economic damages" resulting from that violation. Cal. Civ. Code § 2924.12(b). Here, Plaintiff alleges that the wrongful foreclosure caused her "costs and expenses incurred to prevent or fight foreclosure." FAC at ¶ 117. Though Plaintiff may not have qualified for a modification, the damages she pleads are actual economic damages that plausibly may have resulted from the alleged dual tracking.[5]

Capital One argues that "Plaintiff does not allege any action [she] should could or would have taken to forestall the foreclosure" after Capital One recorded the Notice of Trustee's Sale in October 2015. MTD at 20; *see also* RJN Exhibit A [Doc. # 21-1 at 5–8]. Capital One is mistaken: Plaintiff took action by submitting a complete loan modification application in November 2015, FAC at ¶¶ 52, 57–58, which "should could or would have" prevented Capital One from foreclosing while the application was pending. *See* Cal. Civ. Code § 2924.6(c).[6] The FAC sufficiently pleads that Capital One's alleged failure to comply with the dual-tracking statute proximately caused the damages Plaintiff suffered.

Because Plaintiff sufficiently alleged damages recoverable under California Civil Code § 2924.12, the MTD is **DENIED** as to Plaintiff's wrongful foreclosure claim.

---

[4] The authorities Capital One cites in its briefs discuss the equitable action for wrongful foreclosure recognized under California law. *E.g.*, *Albano v. Cal-Western Reconveyance Corp.*, No. 4:12-cv-4018 KAW, 2012 U.S. Dist. LEXIS 159245, 2012 WL 5389922, at *4 (N.D. Cal. Nov. 5, 2012) ("Wrongful foreclosure is an action in equity, in which a plaintiff seeks to set aside an 'illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust,' or prevent a sale from occurring."); *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011) (outlining "the elements of an equitable cause of action to set aside a foreclosure sale"). As discussed, *supra* note 3, the parties appear to treat this wrongful foreclosure claim as one brought pursuant to Civil Code § 2923.6, so these authorities are inapposite. The Court treats the wrongful foreclosure claim as one for violation of § 2923.6.

[5] The emotional distress damages Plaintiff contends she suffered from this violation, *see* FAC at ¶ 118, may not be recoverable. *See Cornejo v. Ocwen Loan Servicing, LLC*, No. 1:15-cv-00993-JLT, 2016 U.S. Dist. LEXIS 158199, at *4–10 (E.D. Cal. Nov. 15, 2016) (interpreting legislative intent to conclude that § 2924.12 does not permit recovery of emotional distress damages).

[6] Capital One argues that Plaintiff has offered only conclusory allegations that her application was complete. Reply at 22. But Plaintiff's allegation is supported by her November 2015 communication with a Capital One agent that informed her that her fifth application was complete. FAC at ¶ 58.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3788-DMG (AJWx)** | Date | April 10, 2018 |
| Title | *Colleen Craig v. Capital One, N.A.* | Page | 13 of 16 |

### E. Claim for Violation of UCL

The UCL prohibits "unfair competition," which is defined as "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Each of these three prongs constitutes a separate and independent cause of action. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 185–86 (1999). The UCL treats violations of other laws, when committed in the context of business activity, as "unlawful practices independently actionable under section 17200 *et seq*. and subject to the distinct remedies provided thereunder." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992). Plaintiff's UCL claim is predicated on Capital One's unlawful violations of (1) ECOA, (2) RESPA and Regulation X, and (3) California Civil Code § 2923.6(c)–(d). FAC at ¶ 121. It also claims that Capital One's (1) failure to review her modification applications while proceeding with the foreclosure process and (2) false statements, nondisclosures, and duplicative requests for information were unfair. *Id.* at ¶ 122.

Capital One argues that Plaintiff's UCL claim fails because she lacks standing and because she has not alleged sufficient facts to demonstrate an underlying violation of the law or an unfair business practice. MTD at 21–24.

#### 1. Standing

To establish standing under the UCL, a plaintiff must show economic injury, in the form of lost "money or property," that resulted from the defendant's alleged unfair, unlawful, or fraudulent conduct. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320–21 (2011). A causal connection between a defendant's alleged conduct and the harm a plaintiff suffered is broken "when a complaining party would suffer the same harm whether or not a defendant complied with the law." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007).

Plaintiff states that the injuries that give her standing to bring a UCL claim are "excess interest, late fees, and other fees Plaintiff would not have incurred but for Defendants' excessive delay; and lost Plaintiff's home to foreclosure." FAC at ¶ 123. Plaintiff may not have established a plausible causal link between Capital One's conduct and the foreclosure of her home, because she has not alleged any facts to suggest that her final loan modification would have been approved thereby averting any foreclosure. *See Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 523 (2013) ("As [Plaintiff's] home was subject to nonjudicial foreclosure because of [Plaintiff's] default on her loan, which occurred before Defendants' alleged wrongful acts, [Plaintiff] cannot assert the impending foreclosure of her home (*i.e.*, her

Case 2:17-cv-03788-DMG-AJW Document 30 Filed 04/10/18 Page 14 of 16 Page ID #:263

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 17-3788-DMG (AJWx)**                                    Date   April 10, 2018

Title   *Colleen Craig v. Capital One, N.A.*                                   Page   14 of 16

alleged economic injury) was caused by Defendants' wrongful actions."), *disapproved of on other grounds by Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 939 n.13 (2016). But Plaintiff's allegation that she suffered additional fees and interest due to Capital One's unlawful and unfair business practices is sufficient to state a claim. It is plausible that Capital One's mishandling of Plaintiff's several attempts to modify her mortgage caused her to pay unwarranted fees and interest. For example, it is conceivable that Plaintiff could have avoided interest accruing or fees incurred in the months following the submission of her first application had Capital One timely approved, denied, or rejected the application as incomplete.

That Plaintiff does not plead these economic losses elsewhere in the FAC is irrelevant—the interest and fees are clearly alleged. *Compare* MTD at 22 (arguing that Plaintiff "has not alleged that she paid any erroneous fees" (emphasis removed)), *with* FAC at ¶ 34 ("Capital One . . . failed to refund all force-placed insurance premium charges and related fees."), *and id.* at ¶ 123 ("Defendant charged excess interest, late fees, and other fees Plaintiff would not have incurred but for Defendants' excessive delay . . . .").[7] Whether the alleged interest and fees were incurred or paid is an issue better reserved for discovery and, perhaps, a motion for summary judgment. Taking her factual allegations as true, however, Plaintiff has standing to bring a UCL claim.

In any event, as discussed, Plaintiff sufficiently pleads economic losses resulting from Capital One's alleged violations of RESPA and the dual tracking statute. To the extent that Plaintiff's UCL claim is predicated on these violations, Plaintiff has standing based on the economic losses she pleads in relation to them.

### 2.   Acts Underlying the UCL Claim

Capital One challenges that its allegedly unlawful conduct is an insufficient basis for Plaintiff's UCL claim. MTD at 22–23. Because the Court has concluded that Plaintiff properly pleaded claims for violations of RESPA and Regulation X, and California Civil Code § 2923.6, those violations properly form the basis of a UCL claim. But Plaintiff has not sufficiently pleaded an ECOA claim, so that conduct is not a proper basis for her claim. Consequently,

---

[7] Violation of California Civil Code § 2923.6, which supposedly undergirds the UCL claim, could not have caused delay-related economic injury. A violation of that dual tracking statute would not result in a delay in processing a modification application, though it might result in the premature rejection of an application and a prohibited nonjudicial foreclosure. *See* Cal. Civ. Code § 2923.6(c) (prohibiting a trustee's sale "while the compete first lien loan modification application is pending").

Case 2:17-cv-03788-DMG-AJW   Document 30   Filed 04/10/18   Page 15 of 16   Page ID #:264

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-3788-DMG (AJWx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | *Colleen Craig v. Capital One, N.A.* | Page | 15 of 16 |

Defendant's MTD is **GRANTED with leave to amend** to the extent that the "unlawful" prong of Plaintiff's UCL claim is predicated on a violation of ECOA.  *See* FAC at ¶ 121(a).

Capital One argues that the unfair conduct on which Plaintiff bases her UCL claim likewise is insufficient.  *See* MTD at 23–24.  Conduct is "unfair" under the UCL either if it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," or when the alleged unfairness is "tethered to some legislatively declared policy" or has an "actual or threatened impact on competition."  *Davis v. HSBC Bank*, 691 F.3d 1152, 1169–70 (9th Cir. 2012) (internal quotation marks and citations omitted).  "[W]here a claim of an unfair act or practice is predicated on public policy, . . . the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions."  *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 647 (2008).

Here, one strain of the unfair conduct Plaintiff identifies is predicated on the dual tracking of her mortgage, which is unfair conduct supported by the legislative policy behind HBOR.  *Compare* FAC at ¶ 122(a) ("Defendant promised, but failed to properly complete review of Plaintiff's applications for modification in accordance with HAMP guidelines and, instead proceeded with the foreclosure process on the Subject Property . . . ."),[8] *with Jolley*, 213 Cal. App. 4th at 908 (determining that dual tracking may "be[] considered 'unfair' for purposes of the UCL").  The other strain, which alleges that Capital One unfairly "made false statements, failed to provide meaningful information, and made duplicate requests for information,"[9] derives from the public policy underlying RESPA and Regulation X with respect to Capital One's

---

[8] Capital One protests that the FAC does not claim HAMP guideline violations, so this allegation should be ignored as an error.  Reply at 22–23.  This allegation is tethered to the unfair practice of dual tracking, with or without the HAMP reference.

[9] Capital One characterizes this allegation of misconduct as falling under the "fraudulent" prong of the UCL.  *See* MTD at 23 ("Plaintiff's allegations concerning the 'fraudulent' prong also are an attempt to plead around her other, failed, causes of action."); Reply at 23 (arguing for the first time that this is a "new claim[] that sound[s] in fraud").  But Plaintiff couches her UCL claim in "unfair," not "fraudulent," terms.  FAC at ¶ 122.  The Court reads the "unfair" conduct Plaintiff pleads in paragraph 122(b) of the FAC not to include "fraudulent" conduct, as the conduct is "a repeat of the contentions in Plaintiff's other causes of action" with respect to the loan modification applications, as Capital One states.  MTD at 24.

To the extent that Plaintiff maintains that paragraph 122(b) of the FAC alleges "fraudulent" conduct, *see* Opp. at 24 (claiming paragraph 122(b) of the FAC "is sufficient to satisfy any of the three definitions under the UCL"), the FAC does not meet the heightened pleading requirements of Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  If Plaintiff wishes to bring a UCL claim based on the "fraudulent" prong, she should seek a stipulation from opposing counsel or leave to amend her complaint under Rule 15(a)(2).

Case 2:17-cv-03788-DMG-AJW   Document 30   Filed 04/10/18   Page 16 of 16   Page ID #:265

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3788-DMG (AJWx)** | Date | April 10, 2018 |
|---|---|---|---|

| Title | *Colleen Craig v. Capital One, N.A.* | Page | 16 of 16 |
|---|---|---|---|

mishandling of Plaintiff's loan modification applications. *See Smith v. Specialized Loan Servicing, LLC*, No. 16cv2519-GPC(BLM), 2017 U.S. Dist. LEXIS 67782, 2017 WL 1711283, at *9 (S.D. Cal. May 3, 2017) (upholding UCL claim tethered to the public policy underlying Regulation X and RESPA, which ensure consumers have more information and procedural protections with respect to mortgages). Therefore, the "unfair" prong of the UCL claim is sufficiently pleaded.

Plaintiff has not sufficiently alleged an unlawful violation of ECOA, so the Court **GRANTS in part** the MTD with respect to the UCL claim insofar as the claim is predicated on an ECOA violation. Having found that Plaintiff otherwise sufficiently pleads unlawful and unfair conduct, the Court **DENIES in part** the MTD with respect to all other aspects of the UCL claim.

## VI.
## CONCLUSION

In light of the foregoing, the Court issues the following rulings:

1. Capital One's request for judicial notice is **GRANTED**;

2. Capital One's motion to dismiss the ECOA claim is **GRANTED with leave to amend**;

3. Capital One's motion to dismiss the RESPA, negligence, and wrongful foreclosure claims is **DENIED**;

4. Capital One's motion to dismiss the UCL claim is **DENIED** insofar as the claim relates to violations of RESPA and California Civil Code § 2923.6 and unfair conduct tethered to the public policies underlying those authorities, and **GRANTED with leave to amend** insofar as the claim relates to violations of ECOA.

Plaintiff shall file a second amended complaint, or notify Capital One that she does not intend to amend, within 21 days of the date from this Order. Capital One shall file its response within 21 days after the filing and service of the second amended complaint or notification of intent not to amend.

**IT IS SO ORDERED.**